# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| THOSE CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, SUBSCRIBING TO CERTIFICATE NO. SUA WS20114-1601,<br><br>Plaintiffs,<br><br>v.<br><br>ISTREAM FINANCIAL SERVICES, INC., KRIS AXBERG, RICHARD JOACHIM, and CHET ANDREWS,<br><br>Defendants. | Case No. 17-CV-597-JPS<br><br>**ORDER** |

On July 25, 2017, the parties filed a joint motion for entry of a protective order. (Docket #17). The parties request that the Court enter a protective order so that they may avoid the public disclosure of confidential information and documents. *Id.* Rule 26(c) allows for an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G), Civil L. R. 26(e).

The Court sympathizes with the parties' request and will grant it, but, before doing so, must note the limits that apply to protective orders. Protective orders are, in fact, an exception to the general rule that pretrial discovery must occur in the public eye. *Am. Tel. & Tel. Co. v. Grady*, 594 F.2d 594, 596 (7th Cir. 1979); Fed. R. Civ. P. 26(c); *see also Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945–46 (7th Cir. 1999). Litigation must be "conducted in public to the maximum extent consistent

with respecting trade secrets…and other facts that should be held in confidence." *Hicklin Eng'r, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006).

Nonetheless, the Court can enter a protective order if the parties have shown good cause, and also that the order is narrowly tailored to serving that cause. Fed. R. Civ. P. 26(c); *see, e.g.*, *Citizens First Nat'l Bank of Princeton*, 178 F.3d at 945, *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994) (holding that, even when parties agree to the entry of a protective order, they still must show the existence of good cause). The Court can even find that broad, blanket orders are narrowly tailored and permissible, when it finds that two factors are satisfied:

(1) that the parties will act in good faith in designating the portions of the record that should be subject to the protective order; and

(2) that the order explicitly allows the parties to the case and other interested members of the public to challenge the sealing of documents.

*County Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2006) (citing *Citizens First Nat'l Bank of Princeton*, 178 F.3d at 945). The parties have requested the protective order in this case in good faith; they seek the order so that they might freely exchange sensitive information including, for example, sensitive employee information, proprietary business information, and confidential information collected by the Federal Trade Commission pursuant to 15 U.S.C. § 57b. (Docket #17 at 1-2). The Court thus finds that there is good cause to issue the requested protective order.

However, the Court finds that two slight changes are necessary to maintain compliance with the above-cited precedent. First, the proposed order requires sealing, in whole or in part, of all confidential documents.

This departs from the Court's desire to ensure that every phase of the trial occurs in the public eye to the maximum extent possible. *See Hicklin Eng'r, L.C.*, 439 F.3d at 348. While the Court understands that some documents will need to be sealed entirely, other documents may contain only small amounts of confidential information, and so redaction of those documents may be more appropriate. The Court has modified the parties' proposed language to that effect. *See supra* Paragraph 4. Second, consistent with the Court's and this district's standard practice, the Court will allow members of the public to challenge the confidentiality of documents filed in this case. *See supra* Paragraph 5.

Finally, the Court must note that, while it finds the parties' proposed order to be permissible and will, therefore, enter it, the Court subscribes to the view that the Court's decision-making process must be transparent and as publicly accessible as possible. Thus, the Court preemptively warns the parties that it will not enter any decision under seal.

Accordingly,

Based on the parties' joint motion, (Docket #17), and the factual representations set forth therein, the Court finds that exchange of sensitive information between or among the parties and/or third parties other than in accordance with this Order may cause unnecessary damage and injury to the parties or to others. The Court further finds that the terms of this Order are fair and just and that good cause has been shown for entry of a protective order governing the confidentiality of documents produced in discovery, answers to interrogatories, answers to requests for admission, and deposition testimony.

**IT IS ORDERED** that, pursuant to Fed. R. Civ. P. 26(c) and Civil L. R. 26(e):

THOSE CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, SUBSCRIBING TO CERTIFICATE NO. SUA WS20114-1601 ("Underwriters"), iSTREAM FINANCIAL SERVICES, INC. ("iStream"), KRIS AXBERG ("Axberg"), RICHARD JOACHIM ("Joachim"), CHET ANDREWS ("Andrews") (iStream, Axberg, Joachim and Andrews are referred collectible herein as the "iStream Defendants") (individually a "Party" or collectively the "Parties"), recognize that in the course of discovery proceedings it will be necessary for the Parties to disclose certain confidential information, but all Parties wish to ensure that such confidential information shall not be used for any purpose other than the proceedings in this case (the "Litigation").

Specifically, the Parties recognize that in the course of these proceedings it will be necessary for the Parties to disclose confidential business information, such as materials that a Party believes in good faith contain trade secrets, non-public information relating to customers of any Party, personal information regarding that Party or current and former employees of that Party, information that the Party has otherwise agreed to keep confidential, or sensitive commercial, financial, technical, marketing or proprietary business information ("Confidential Business Information"). Each Party wishes to ensure that such Confidential Business Information shall not be used for any purpose other than the proceedings in the Litigation.

The Parties further recognize that in the course of these proceedings it may be necessary for the Parties to disclose to the Court or to each other certain confidential and proprietary insurance information, claims communications and other documents and information that may be

deemed privileged as to third parties ("Confidential Insurance Information").

Finally, certain documents at issue in this case are confidential pursuant to 15 U.S. Code § 57b, which applies to information collected by the Federal Trade Commission ("FTC") pursuant to compulsory process (Confidential FTC Information). Specifically, certain materials related to the investigation of the iStream Defendants and claims against the iStream Defendants by the FTC are confidential. Accordingly, the Parties wish to protect the confidentiality of such Confidential FTC Information to the greatest extent feasible and to ensure that such Confidential FTC Information shall not be open to the public or used for any purpose other than the proceedings in the Litigation.

Therefore, to comply with the confidentiality provisions of 15 U.S. Code § 57b and for the protection of Confidential Business Information, Confidential Insurance Information and Confidential FTC Information (collectively referred to herein as "Confidential Information"), the Parties agree that the handling of all documents and other forms of information in the Litigation shall be subject to the applicable privacy rules set forth in Federal Rule of Civil Procedure 5.2. In addition, the Parties to this Stipulated Protective Order explicitly agree to the following conditions and procedures (which shall also be binding on all parties to the Litigation):

1) <u>Designation and Marking of Documents</u>. Designation of Confidential Information under this Protective Order shall be made by placing or affixing on the document in a manner that will not interfere with its legibility the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" accompanied by the case number or other reference sufficient to identify the Litigation.

(a) It shall be the duty of the Party producing Confidential Information (the "Producing Party") to mark or otherwise indicate that such information is covered by this Protective Order and is to be considered Confidential Information.

(b) The designation of information as Confidential Information shall be made prior to, or contemporaneously with, the production or disclosure of that information.

(c) No Receiving Party shall provide any Producing Party's Confidential Information to anyone else, unless it is determined pursuant to Paragraph 5, below, that the confidentiality designation is unwarranted, either by ruling of a court, or by agreement.

(d) Disclosure of information extracted from documents or deposition testimony that contains Confidential Information is authorized only with written consent from the Producing Party, absent a ruling of a court or agreement in accordance with subparagraph c), above. All copies, abstracts, excerpts, analyses, or other writings that contain, reflect, or disclose the substance of documents or deposition testimony designated as Confidential Information shall also be deemed Confidential Information. Unauthorized disclosure of information extracted from documents or deposition testimony designated as Confidential Information is prohibited.

2) <u>Depositions</u>. All testimony taken by deposition in the Litigation that is related to any Party's Confidential Information, whether by subpoena or notice of taking deposition, will be subject to the terms of this Protective Order. Only the Producing Party, the Receiving Parties and

their respective counsel, employees, consultants or experts, as identified in Paragraph 3, below, may attend such depositions (or portions of a deposition relating to a Producing Party's Confidential Information). In addition, transcripts of such depositions shall be presumed to be Confidential Information for ten business days after the receipt of transcript, during which time the Producing Party may designate portions of the testimony as Confidential Information by providing to counsel for the Party who took the deposition a written description, specifying the pages and line numbers that are to be designated as Confidential Information. A Producing Party also may make that designation on the record at the time of the deposition. The cover and each page of a deposition transcript containing testimony that is Confidential Information shall be marked as required by Paragraph 1. Counsel for any Party receiving a copy of a deposition transcript shall be responsible for marking the copy as required by this Protective Order.

3) <u>Disclosures</u>. Material designated as Confidential Information shall be viewed only by the Producing Party, the Receiving Parties, and their counsel, except that disclosures may be made in the following circumstances:

> (a) Disclosure may be made to employees of counsel for the Producing Party or Receiving Parties who are assisting with or working on the Litigation. Any such employee to whom counsel for the Producing Party or Receiving Parties makes a disclosure shall be advised of, and become subject to, the provisions of this Protective Order requiring that the documents and information be held in confidence.

(b) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents.

(c) Disclosure may be made to vendors, consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the Producing Party or Receiving Parties, or by counsel for the Producing Party or Receiving Parties, to assist in their work on the Litigation. Prior to disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Protective Order requiring that the documents and information be held in confidence.

4) <u>Filing With Court</u>. To the extent that any written material containing Confidential Information is to be filed with the Court, those papers must be redacted only to the extent necessary. If the parties seek to seal a document, either in part or in full, they must file a motion to seal that document, together with a redacted copy on the record. They must also simultaneously file unredacted copies under seal with the Clerk of Court via the CM-ECF system. The parties shall act in good faith in designating records to be filed, in whole or in part, under seal.

5) <u>Challenge to Confidentiality Designation</u>. A party or interested member of the public may challenge the designation of confidentiality by motion. If a Receiving Party wishes to challenge a designation of a document or deposition testimony as Confidential Information, counsel for the Receiving Party shall first request of the Producing Party's counsel in writing one or more of the following: (1) consent to a specified disclosure of the document or deposition testimony, or a portion thereof, or (2) the voluntary withdrawal of the designation. The

Parties shall attempt to resolve such a request by agreement prior to seeking relief from the Court. In the event no resolution is reached by the Parties, or in the event that an interested member of the public wishes to challenge a designation of confidentiality, a challenge may be made by motion, subject to the provisions of Civil L.R. 26(e). Until and unless any challenge to the confidentiality of Confidential Information is resolved in the movant's favor, all documents and/or deposition testimony shall remain protected under this Order as set forth herein.

6) <u>Final Determination</u>. Upon final determination of the Litigation (including the termination of all appeals and the expiration of the time for seeking certiorari from the Supreme Court), all Parties in receipt of Confidential Information, within sixty (60) days of such determination, shall destroy all Confidential Information in their possession, subject to any state or federal record keeping obligations such as the Federal Records Act, 44 U.S.C. Chapter 31, or the Wisconsin Public Records Law, Wis. Stat. §§ 13.31-37. Further, at the request of any Party, and again upon final determination of the Litigation, the Clerk of the Court shall return any item filed under seal to the filing Party. After the final determination of the Litigation, the provisions of this Protective Order shall continue to be binding upon all counsel, and the Parties and their officers and employees, witnesses, and all others subject to this Protective Order.

7) <u>Disclosure</u>. The inadvertent or unintentional disclosure of Confidential Information by any Party shall not be deemed a waiver in whole or in part of the confidential nature of the material disclosed. In the event of such an inadvertent disclosure, the Producing Party may thereafter assert a claim or designation of confidentiality and promptly provide replacement media containing documents properly marked as Confidential

Information. Thereafter, the Receiving Party must immediately return or destroy the original documents and all copies of the same to the Producing Party and make no use of such documents.

8) <u>Privilege and Non-Waiver of Rights</u>. Nothing in this Protective Order shall require (a) production of Confidential Information, or (b) disclosure of material that counsel for a Party or a third party contends is (1) protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint defense or common interest privilege, the mediation privilege, the settlement privilege and/or any other applicable privilege, or (2) not subject to discovery or disclosure under Federal Rule of Civil Procedure 26 or any other applicable discovery protection. No Party's consent to entry of this Protective Order shall constitute, or be deemed to constitute, a waiver of any ground or basis for objecting to a discovery request.

Dated at Milwaukee, Wisconsin, this 3rd day of August, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge